UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>      v.<br><br>FERNANDO NAJERA,<br><br>      Defendant. | Case No. 4:15-cr-230-BLW-1<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before this Court is Defendant Fernando Najera's Motion to Modify or Correct Sentence (Dkt. 86), in which he requests that his term of incarceration be increased so that he can receive a greater benefit from his planned participation in the Bureau of Prisons' Residential Drug Abuse Program (RDAP). For the reasons explained below, the Court will deny the motion.

## DISCUSSION

Fernando Najera was sentenced on October 12, 2016, to a term of 36 months of incarceration, to be followed by a three-year period of supervised release. He is currently serving his term in the custody of the Bureau of Prisons.

Najera has been approved for participation in RDAP, for which he can receive good-time credit, i.e. a reduction in his term of incarceration. Najera reports that given his 36-month term of incarceration, successful participation in RDAP will result in a 9-

month reduction in his sentence. *See generally* 18 U.S.C. § 3621(e); *Fed. Bureau of Prisons Program Stmt.* 5331.02 §10. Najera reports that if he had been sentenced to a term of at least 37 months, successful participation in RDAP would result in a 12-month reduction in his sentence. *Id.* Najera therefore wants the Court to modify his sentence by increasing it from 36 to 37 months, which would allow him to have an additional three months removed from the end of his sentence (assuming successful participation in RDAP). He has filed this Motion to Modify or Correct Sentence under Rule 36 of the Federal Rules of Criminal Procedure.

Rule 36 allows courts to correct the occasional typographical error; it does not allow Courts to increase or decrease periods of incarceration. *United States v. Kaye*, 739 F2d 488, 491 (9th Cir. 1984). Rather, a district court's ability to amend, substantively, the terms of a judgment comes from either a mandate by a court of appeals, or from 18 U.S.C. § 3582. *United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990); *see also, e.g.*, *United States v. Hordichok*, 2012 WL 3732801 at *1 (D. Idaho Aug. 28, 2012). The strictures of modifying a term of imprisonment are listed in 18 U.S.C. § 3582, which also states that a sentence of imprisonment can be "corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §3582(b)(2).

Fed. R. Crim. P. Rule 35 "authorizes only *reductions* of otherwise legal sentences, and the negative pregnant inherent in rule 35(b) prohibits increases of such sentences." *Stump*, 914 F.2d at 173 (emphasis in original) (internal citations omitted). Therefore,

even if Najera had brought his motion under the correct procedural rule, Rule 35, his motion to *increase* his sentence would be denied.

Therefore, because Rule 36 does not allow substantive changes to a sentence, and because Najera would not be able to succeed on this motion under any other procedural rule, his motion will be denied.

## ORDER

Defendant's Motion to Modify or Correct Sentence (Dkt. 86) is **DENIED**.

DATED: October 24, 2017

B. Lynn Winmill
Chief Judge
United States District Court